GITTINGS ET AL. v. CARTER.

1. **Replevin: FAILURE OF CONSIDERATION.** A party who has disposed of a chattel, and taken a promissory note therefor, cannot maintain an action of replevin for the property, on the ground of failure of consideration, until the note has been surrendered, or adjudged to be void.

*Appeal from Jefferson District Court.*

THURSDAY, OCTOBER 24.

ACTION to replevy a horse. The answer shows that the defendant claims to own the horse by purchase from one H. B. Carter in 1873. The plaintiff shows in evidence that the defendant gave his note for the horse; that he refused to pay the note; that an action was brought on it by this plaintiff as indorsee, and the defendant pleaded as a defense that the note was given on Sunday, although not so dated. The plaintiff also gave in evidence a bill of sale of the horse to himself, executed by Carter in August, 1877. There was no evidence that judgment had been rendered in favor of the defendant in the action on the note, nor that the plaintiff had offered to surrender the note. There was a trial by the court. Judgment for plaintiff. Defendant appeals.

*D. P. Stubbs*, for appellant.

No appearance for appellee.

ADAMS, J.—The note is not void on its face. It is apparently valid, and so far as the record shows is still outstanding, and in the hands of the plaintiff. Possibly recovery may yet be had upon it. We think that the defendant was entitled to hold the horse; at least until he was discharged by an adjudication upon the note, or until the note was surrendered.

Whether after that an action of replevin could be maintained for the horse we need not determine.

REVERSED.